IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| IN RE:<br>**IL NAM CHANG**<br>**CHONG WOL CHANG** | } Debtor(s) | Chapter: | **13** |
| | | Case Number: | **1-15-bk-01081 RNO** |
| **WOOD LAW OFFICES, LLC** | } Plaintiff(s) | | |
| vs. | | Adversary No: | **1-15-ap-00115 RNO** |
| **IL NAM CHANG**<br>**CHONG WOL CHANG** | } Defendant(s) | | |

## OPINION

The Chapter 13 Debtors' former law firm filed an Adversary Proceeding objecting to the Debtors' discharge citing § 727 of the Bankruptcy Code. For the reasons stated below, I will grant the Debtors/Defendants' Motion to Dismiss the Complaint and allow the Plaintiff law firm twenty-one (21) days to file an amended conforming complaint.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

**II.    Facts and Procedural History**

Il Nam Chang and Chong Wol Chang ("Debtors") filed a voluntary Chapter 13 petition on March 19, 2015. The Debtors filed an original Chapter 13 Plan on April 30, 2015; a First Amended Chapter 13 Plan was filed on September 29, 2015. At this writing, there is no confirmed Chapter 13 plan in the underlying bankruptcy case.

This Adversary Proceeding was commenced by a Complaint filed on July 28, 2015. The Plaintiff, Wood Law Offices, LLC ("Plaintiff"), filed a Complaint Objecting to Discharge generally alleging that the Debtors did not list all of their assets on their bankruptcy schedules.

The Complaint contains a total of thirty-two (32) numbered paragraphs and does not include any exhibits. On August 28, 2015, the Debtors filed a Motion to Dismiss or in the Alternative for a More Definite Statement ("Motion to Dismiss"). Briefs have been filed in support of and in opposition to the Motion to Dismiss and the matter is ripe for adjudication.

### III. Discussion

#### A. Motion to Dismiss the Complaint for Failure to State a Claim Upon Which Relief Can be Granted

Federal Rule of Civil Procedure 12(b)(6) allows the defense of failure to state a claim upon which relief can be granted to be raised by motion. Rule 12(b)(6) is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. In ruling on the subject Motion to Dismiss, I must decide, viewing the facts in the light most favorable to the Plaintiff, whether it has alleged a plausible claim for relief. *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). The United States Court of Appeals for the Third Circuit has provided guidance for the review of motions to dismiss:

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted); *also see Tri-Valley Corporation, et al. v. DMJ Gas-Marketing Consultants, LLC*, 2015 WL 110074, *2 (Bankr. D.Del. Jan. 7, 2015); *In re Griffith*, 2014 WL 4385743, *3 (Bankr. M.D.Pa. Sept. 4, 2014).

2

B.     **The Gravamen of the Complaint**

The subject Complaint is titled Complaint Objecting to Discharge. It alleges that the Plaintiff previously served as legal counsel for the Debtors in state court litigation conducted in the Circuit Court for Montgomery County, Maryland. It is further alleged that a judgment was obtained in favor of the Plaintiff and against the Debtors in the amount of $111,192.83 for unpaid legal fees. Paragraph 20 of the Complaint alleges that the Debtors are the owners of real property known as 2445 North Sixth Street, Harrisburg, Pennsylvania ("Real Property"). Paragraph 21 of the Complaint alleges that the Real Property is occupied by business known as "Empire Cleaners." Paragraph 23 of the Complaint alleges:

> 23.    Defendants [Debtors] did not list any ownership interest in the Empire Cleaners business or Empire Cleaner, LLC in their Bankruptcy Schedules, nor did they indicate that they receive any income from that business, despite said business's occupancy of Defendants' [Debtors'] real estate.

Complaint Objecting to Discharge, July 28, 2015, ECF No. 1, p. 5 ¶23. The Complaint also alleges that the Debtors failed to list on Schedule H co-debtors who are allegedly jointly and severally liable to the Plaintiff on the aforementioned state court judgment for legal fees. The Complaint seeks denial of the Debtors' bankruptcy discharge. The Complaint does not reference any section of the Bankruptcy Code nor any provision of the Federal Rules of Bankruptcy Procedure.

The Federal Rules of Evidence apply to proceedings before United States bankruptcy judges. Fed. R. Evid. 1101(a); *In re Barnes*, 266 B.R. 397, 403 (8th Cir. B.A.P. 2001). Federal Rule of Evidence 201 allows a federal court to take judicial notice of facts that are not subject to reasonable dispute. For example, a bankruptcy court may take judicial notice of the docket

3

events in a case and the contents of the bankruptcy schedules to determine the timing and status of case events, as well as other facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 412 (Bankr. D.S.C. 2008); *In Paolino*, 1991 WL 284107, *12 n.19 (Bankr. E.D.Pa. Jan. 11, 1991). I take judicial notice of the dockets in the Debtors' underlying Chapter 13 case and in this Adversary Proceeding. I also take judicial notice of the contents of the bankruptcy schedules and statements which are not in dispute.

Original Schedule A - Real Property filed by the Debtors on April 16, 2015, lists the Debtors as the joint fee simple owners of real property known as 2445 North 6th Street, Harrisburg, PA 17110. Schedule A, April 15, 2015, ECF No. 12. Further, an amended Schedule B - Personal Property was filed in the Debtors' Chapter 13 case on September 5, 2015. Amended Schedule B.13 lists "Empire Cleaners at 2445 N. 6th Street, Harrisburg, PA 17110 (This property is in process of being appraised)." Schedule B, September 5, 2015, ECF No. 33. The interest in Empire Cleaners is scheduled as being jointly held with an unknown value.

**C.     Objection to Discharge**

The Motion to Dismiss maintains *inter alia* that the Debtors' present counsel can only communicate with them through an interpreter. Paragraph 21 of the Motion to Dismiss alleges that a Korean interpreter was present at the § 341 Meeting of Creditors. Paragraph 16 of the Motion to Dismiss notes that the Complaint makes no reference to any Bankruptcy Code section.

I have reviewed the Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss or for a More Definite Statement. The Plaintiff's Brief provides, in part:

> Section 727 of the Bankruptcy Code sets forth numerous grounds
> upon which the Court may deny a debtor a discharge. The facts
> alleged in Plaintiff's Complaint, if established at trial, would

4

> clearly provide grounds for denying the Defendants a discharge,
> and may possibly also provide grounds for dismissing their case.

Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss or for a More Definite Statement, October 2, 2015, ECF No. 8, p. 4. All of the statutory references in the Plaintiff's Brief refer to provisions of 11 U.S.C. § 727[1]. Plaintiff's Brief makes no mention of any of the provisions of Chapter 13 of the Bankruptcy Code. The Plaintiff's Brief contains no reference to any of the Federal Rules of Bankruptcy Procedure; nor does it contain any case authority.

### D. Section 727 as a Basis to Object to a Chapter 13 Discharge

Section 103 of the Bankruptcy Code indicates which subchapters of the statute apply to which bankruptcy case chapters. Notably, § 103(b) provides, "(b) Subchapters I and II of chapter 7 of this title apply only in a case under such chapter." 11 U.S.C. § 103(b). Section 727 of the Bankruptcy Code is part of subchapter II and applies only in Chapter 7 cases. *In re Draiman*, 450 B.R. 777, 800 (Bankr. N.D.Ill. 2011) (internal citations omitted).

It is well settled that the bankruptcy discharge provisions of Chapter 13 are much broader than those provided in Chapter 7. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S.Ct. 1367, 1376 (2010) (a discharge under Chapter 13 is broader than the discharge received in any other chapter); *In re Johnson-Allen*, 871 F.2d 421, 432 n.5 (3d Cir. 1989); *In re Coonfield*, 517 B.R. 239, 245 (Bankr. E.D.Wash. 2014); *In re Alicea*, 199 B.R. 862, 864 (Bankr. D.N.J. 1996).

Objections to discharge should be liberally construed in favor of the debtor. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993). Additionally, a complaint should always fairly

---

[1] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

apprise the defendant, here the Debtors, of the nature of the action they are to defend against. How can Chapter 13 debtors adequately answer a complaint which is grounded upon a misapprehension as to the applicable provisions of the Bankruptcy Code?

Bankruptcy Judge Bonney considered an objection to discharge and a request for non-dischargeability in the case of *In re Parker*, 49 B.R. 61 (Bankr. E.D.Va. 1985). The court noted that the most significant fact was that the case was filed under Chapter 13. Judge Bonney noted that the objection to discharge was grounded upon § 727(a)(2) of the Bankruptcy Code. He referenced the § 103(b) provision that makes § 727 inapplicable to a Chapter 13 case. The court found, "[i]n essence, a creditor may not utilize § 727 in objecting to the discharge of a [Chapter 13] debtor." *In re Parker*, 49 B.R. at 62 (internal citations omitted). *Parker* also suggests that a creditor may raise the issue of a Chapter 13 debtor's good faith when filing an objection to confirmation of the Chapter 13 plan. Generally, I note that in addition to objecting to confirmation, the Plaintiff could file a motion to dismiss alleging a lack of good faith pursuant to § 1307(c) of the Bankruptcy Code. The determination of whether there is an absence of good faith in a Chapter 13 filing should be assessed on a case-by-case basis in light of the totality of the circumstances. *In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996); *In re Cartwright*, 2014 WL 2574502, *4 (Bankr. M.D.Pa. June 9, 2014).

I make no finding or law of the case as to the propriety of the Plaintiff pursuing an objection to confirmation of the First Amended Plan or moving to dismiss the case pursuant to § 1307. These are separate contested matters not properly joined at this time. Federal Bankruptcy Rule of Procedure 3015(f) provides that an objection to confirmation is a contested matter governed by Rule 9014. Federal Bankruptcy Rule of Procedure 1017(f) similarly

provides that Rule 9014 (concerning contested matters) governs a motion to dismiss under § 1307, ". . . except under . . . § 1307(a) or (b)." The exceptions of § 1307(a) or (b) address a debtor's voluntary motion to convert or dismiss his or her own Chapter 13 case.

### E.  Motion for a More Definite Statement

Alternatively, the Motion to Dismiss moved for a more definite statement pursuant to Federal Rule of Bankruptcy Procedure 7012(e). A motion for a more definite statement may be granted when a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *In re APF Co.*, 274 B.R. 408, 425 (Bankr. D.Del. 2001). However, in this case, following the principle of judicial restraint, I need not reach the motion for a more definite statement. My ultimate conclusion, which grants the Motion to Dismiss for failure to state a claim upon which relief can be granted, is dispositive. The cardinal principle of judicial restraint is that if it is not necessary to decide more, it is necessary not to decide more. *PDK Labs, Inc. v. Drug Enforcement Administration*, 362 F.3d 786, 799 (C.A.D.C. 2004).

## IV.  Conclusion

I find that alleging a violation of § 727 cannot, by definition, state a plausible objection to the Debtors' eligibility for a Chapter 13 discharge. The exceptions to discharge stated in *§ 727(a)* are only exceptions to a Chapter *7* discharge.

I conclude that the Complaint fails to allege a plausible claim upon which relief can be granted. No applicable statutory or case authority has been offered to support the Plaintiff's objection to the Debtors' Chapter 13 discharge. No Chapter 13 plan has been confirmed as of the date of this Opinion. A Chapter 13 discharge is typically not granted until after the completion of payments under a confirmed Chapter 13 plan. 11 U.S.C. § 1328(a); *In re*

*Gonzales*, 532 B.R. 828, 831 (Bankr. D.Col. 2015); *In re Burkhardt*, 220 B.R. 837, 840 (Bankr. D.N.J. 1998).

Judgment will be entered granting the Motion to Dismiss for failure to state a claim upon which relief can be granted. I will allow the Plaintiff twenty-one (21) days' leave to file an amended conforming complaint. The Motion for a More Definite Statement will be dismissed as moot.

By the Court,

*[signature]*

Date: October 16, 2015

Robert N. Opel, II, Bankruptcy Judge

(BI)